WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' second motion for extension of time to extend certain deadlines set by the Court in the Scheduling Order. In short summary, Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location. (Doc. 13 at 2). Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case. (Doc. 13 at 3).

Plaintiffs' claimed need for an extension of time is based on Plaintiffs efforts to discover the name of the driver. (Doc. 25). It appears to be undisputed that a Veyo driver was dispatched to pick up the vulnerable adult. (Doc. 29 at 2). It further appears that Plaintiffs have requested the GPS data for this driver, and Defendants have refused to provide it as irrelevant. (Doc. 29 at 2).

Plaintiffs have attempted to avoid a discovery dispute. (Doc. 29). Instead, Plaintiffs have scheduled the deposition of a person they believe will provide more information about the driver on April 24, 2024. (Doc. 28). Therefore, Plaintiffs request that the deadline to amend the complaint be extended to June 1, 2024 and the deadline to complete fact

1  discovery be extended until July 14, 2024.  (Doc. 29).

2  The current deadlines as set at the Rule 16 conference are:

3  Deadline to amend the pleadings: April 1, 2024

4  Deadline to complete fact discovery: June 14, 2024

5  Deadline for Plaintiffs' expert reports: July 19, 2024

6  Deadline for Defendants' expert reports: August 30, 2024

7  Deadline for Plaintiffs' rebuttal expert reports: September 21, 2024

8  Deadline for Expert depositions: November 8, 2024

9  Deadline for dispositive motions: December 8, 2024

10  (Doc. 18).

Plaintiffs state that Defendants will not stipulate to extend any deadlines other than the first two due to prejudice to their clients.  (Doc. 29).  The Court has previously indicated it will not grant unrealistic extensions.  (Doc. 27).  Yet what the parties have proposed continues to be unrealistic.  Specifically, if Plaintiffs add a new Defendant on June 1, 2024, take 90 days to serve, and serve by waiver, such Defendant's answer will not be due until roughly November 1, 2024 – seven days before expert depositions conclude.  Given that, either the parties are not taking the above schedule seriously, or they are not acting in good faith to create a workable discovery schedule.  And although a small point, the parties proposed a Saturday (June 1) and a Sunday (July 14) as their proposed extension dates – even further evidence they are not taking this seriously.

Additionally, Plaintiffs did not file their first request to extend the deadline to amend the pleadings until the April 1, 2024 deadline.  Good cause to amend the Rule 16 scheduling order requires, among other things, "that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Surely Plaintiffs must have known before the April 1, 2024 deadline that they did not yet have the name of the Defendant they wished to add.  Moreover, the complaint in this case was filed six months ago. (Doc. 1-3 at 6). And the parties have been in discovery since at least

January 19, 2024. (*See* Doc. 27).  Generally, this should be sufficient time to learn the identities of all parties.

Thus, while the Court will grant an extension, it will also create intermediate deadlines to ensure diligence.[1]  Further, the Court will reset the schedule, notwithstanding Defendants' lack of agreement, to be realistic.  The parties are cautioned that: 1) the Court expects compliance with the schedule set herein; and 2) that any further motion to extend any deadline that does not take into account all deadlines in the case will be summarily denied.

Additionally, the Court will make a comment on what the Court perceives as the discovery dispute between the parties to hopefully accelerate the discovery process. Regarding Defendants refusal to provide the GPS data of the dispatched driver, Defendants are reminded that Federal Rule of Civil Procedure 34(b)(1)(C) states: "(C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. **An objection to part of a request** must specify the part **and permit inspection of the rest**[]" (emphasis added). The Court cannot hypothesize Defendants' basis for arguing the dispatched driver's location data is irrelevant.  Thus, while the Court is not issuing an advance ruling on any to-be-filed dispute, Defendants are cautioned that the Court is skeptical of this objection.

Plaintiffs further indicated they requested GPS data for all drivers in the area. (Doc. 29).  Plaintiffs stated that Defendants objected that this data was also irrelevant. (*Id*.).  As the Court understands Defendants' defense from the case management plan, Defendants assert that they are innocent third parties who had nothing to do with the transportation of the vulnerable adult on the date in question.  The Court assumes that to make this argument in good faith, Defendants have completed some sort of internal investigation to ensure that no Veyo driver in fact picked up the vulnerable adult.  If Defendants are indeed innocent third parties, who object to extensions of the discovery deadlines because they seek to quickly conclude their involvement in this case, the Court is confused why they would fight

---

[1] In other words, while the Court appreciates an effort to avoid discovery disputes, such efforts cannot be an excuse to not meet deadlines.

- 3 -

Plaintiffs' discovery efforts which should prove Defendants' lack of involvement.

Moreover, Plaintiffs allege in the complaint that,

> Waldo [the vulnerable adult] and his mother, Marina Padilla ("Marina"), were accustomed to Copa Health and Mercy Care using Defendant Veyo for Waldo's NEMT and were very familiar with the trade dress, signage, and appearance of Veyo vehicles. They were accustomed to Veyo drivers, …, picking up Waldo in the parking lot near their apartment door.
> [] Around 2:00pm on December 15, 2022, a Veyo vehicle appeared in the usual place in Waldo's parking lot. The Veyo vehicle was driven by [a driver] who picked up Waldo and began transporting him to his 3:00pm appointment.
> [] Marina relied on Veyo drivers, …, to safely deliver her vulnerable adult son to his appointments and to bring him home….

(Doc. 1-3 at 12). Notably the complaint does not make these allegations on information and belief. In other words, the complaint implies that there are witnesses who will testify they personally saw the vulnerable adult enter into a vehicle with Veyo signage.

If these allegations by Plaintiffs are true, and Defendants allegations–that no Veyo driver ever picked up the vulnerable adult–are also true, then a rogue person masquerading as a Veyo driver, who tricks and takes vulnerable adults, is at large. If true, this likely is a matter for the police, not a civil court; and perhaps even puts a duty on Veyo to warn its clients of this public safety threat. For these reasons, the Court would think all parties would be equally motivated to move with alacrity to determine the "truth" of what occurred during this event.

For purposes of discovering the drivers' identity, any discovery dispute based on currently outstanding discovery will be due by May 3, 2024. All discovery disputes must be presented in the format specified in Doc. 24. Plaintiffs must also propound any other discovery they think is relevant to this driver identity issue by April 17, 2024. Defendants must respond (no extensions are permitted) to this discovery by May 17, 2024. Any discovery dispute arising from this second set of discovery is due by May 24, 2024. Defendants are cautioned that the Court will rule before June 3, 2024, and Defendants will be forced to produce any additional required discovery before June 3, 2024, even if it is on a very short turn around time. Thus, Defendants should be preparing responses even if they have objected.

In the event Plaintiffs add another Defendant via an amended complaint by the June 3, 2024 deadline, Plaintiffs must serve that Defendant within 30 days.[2] Thus, the targeted discovery over the next month must also be focused on obtaining a location of this Defendant. Plaintiffs may not serve by waiver, Plaintiffs must personally serve. On this schedule, a new Defendant's answer or other response to the complaint will be due 50 days from June 3, 2024. The Court will set the schedule accordingly.

Therefore,

**IT IS ORDERED** granting the motion for extension of time (Doc. 29) as follows:

| | |
|---|---|
| Deadline to amend the pleadings: | June 3, 2024 |
| Deadline to complete fact discovery: | August 30, 2024 |
| Deadline for Plaintiffs' expert reports: | September 20, 2024 |
| Deadline for Defendants' expert reports: | October 11, 2024 |
| Deadline for Plaintiffs' rebuttal expert reports: | November 1, 2024 |
| Deadline for Expert depositions: | December 2, 2024 |
| Deadline for dispositive motions: | January 2, 2025.[3] |

**IT IS FURTHER ORDERED** that Plaintiffs must serve a copy of this order on any newly added Defendant with the summons and complaint. Said new Defendant is cautioned that the deadlines in this Order apply to them.

**IT IS FURTHER ORDERED** that service on any newly added Defendant must be as specified above.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Further, within 30 days of any such amendment, both parties must supplement their disclosure statements and move to remand this case to state court if there is no longer diversity.

[3] The Court has compressed these deadlines to make the extension as short as possible to accommodate Defendants' claimed prejudice from any extensions.

**IT IS FURTHER ORDERED** that any discovery dispute regarding the potential-new-Defendant-identity issue must be filed by May 3, 2024 and May 24, 2024 as specified above.

Dated this 11th day of April, 2024.

James A. Teilborg
Senior United States District Judge