PORTELL LAW, P.C.
Stephen T. Portell, State Bar No. 18567
4065 E. Cooper St.
Tucson, AZ  85711
(Office) 520-585-5544
(Fax) 520-585-5540
courtorders@portelllaw.com

ZWILLINGER WULKAN
Jennifer Rebholz (No. 024098)
2020 N. Central Ave.
Suite 675
Phoenix, AZ  85004
Jennifer.rebholz@zafirm.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARINA PADILLA, Co-Guardian of Waldo Melady Figueroa; NICOLE BROOKE AMPARAN, Co-Guardian of Waldo Melady Figueroa; and DIANA J. PARROT, Co-Guardian of Waldo Melady Figueroa,<br><br>    Plaintiffs,<br>v.<br><br>VEYO, LLC, an Arizona limited liability corporation; MEDICAL TRANSPORTION MANAGEMENT, INC, a for-profit Missouri Corporation; JOHN DOES AND JANE DOES I-X; ABC-XYZ CORPORATIONS, PARTNERSHIPS AND ENTITIES,<br><br>    Defendants | Case No.: CV-23-2380-PHX-JAT<br><br>**NOTICE OF TAKING VIDEOTAPED DEPOSITION OF RULE 30(b)(6) REPRESENTATIVE OF DEFENDANT VEYO, LLC**<br><br>Assigned: Hon. James A. Teilborg |

The NOTICE IS HEREBY GIVEN that under Ariz. R. Civ. P. Rules 26, 30 and 30(b)(6), Plaintiffs will take the videotaped virtual deposition, by oral interrogatories before an officer duly authorized by law to give oath, the following individual(s):

**DEPONENT:** Representative of Defendant Veyo, LLC ("Veyo")

**DATE/TIME:** TBD

**LOCATION:** Zwillinger Wulkan
2020 N. Central Ave.
Suite 675
Phoenix, AZ  85004

Veyo shall produce one or more witnesses who have knowledge to testify on its behalf concerning the topics identified below. If the entity designated more than one witness to testify, it must set out the matters on which each designated witness will testify. Each designated witness must testify about information known or reasonably available to the entity.

# SCHEDULE A – DEFINITIONS FOR USE

For the purposes of the deposition topics below:

1) This "Action" means Padilla, et. al. v. Veyo, LLC, et al., USDC Arizona Case No. CV-23-2380-PHX-JAT.

**ENTITY DEFINITIONS**

2) The terms "Veyo," "you," and "your" mean Defendant Veyo, LLC and includes any of its officers, directors, employees, agents, and any other person acting for or on Veyo's behalf.

3) The term "MTM" means Defendant Medical Transportation Management, Inc. and includes any of its officers, directors, employees, agents, and any other person acting for or on MTM's behalf.

4) The term "Driver" or its plural "Drivers" refer to those individuals whom Veyo uses to provide NEMT to passengers like Waldo Figueroa and other vulnerable adults.

5) The term "Mercy Care" refers to the Arizona-based non-profit managed care organization that provides coverage to those who qualify for AHCCCS benefits including specifically Waldo Figueroa.

6) The term "COPA" refers to Copa Health, Inc. and its locations in Maricopa County.

7) The term "Arizona" refers to the State of Arizona and its government agencies.

8) The term "APS" refers to the Arizona government agency "Adult Protective Services" and its directors, employees.

9) The term "AHCCCS" refers to the Arizona Health Care Cost Containment System and the State of Arizona's administration of Medicaid funds to healthcare providers like Mercy Care and COPA.

10) The term "End Users" refers to Drivers who use the Veyo Platform as well as COPA, Mercy Cate and AHCCCS providers who schedule rides with Veyo.

11) The term "APS" refers to the Arizona government agency "Adult Protective Services".

12) When used as nouns, the term "Contract" or its plural "Contracts" refer to the agreement(s) that Veyo has entered with the State of Arizona.

13) When used as verbs, the terms "Contract" or "Contracting" refer to their ordinary meanings in common usage.

14) The term "NEMT" refers to "Non-Emergency Medical Transportation" and any similar term of art used internally at Veyo to refer to NEMT.

15) The term "Figueroa Incident" broadly refers to events of December 15, 2022 involving Waldo Figueroa that are alleged in detail in the Plaintiffs' Complaint.

16) The term "Veyo Platform" refers to the systems alleged and defined in the Plaintiffs' Complaint, Paragraph 21.

17) The term "Veyo Web Portal" refers to the website used by COPA, Mercy Care and/or AHCCCS to schedule your Drivers to provide NEMT in Arizona.

18) Unless otherwise specified, the time period of December 15, August 19, 2014 to present applies to the Rule 30(b)(6) topics below.

**TOPICS**

1. Your investigation of the Figueroa Incident, including the identities of your investigators, witnesses, documents, data and findings.

2. Your communications with APS and its investigation into the Figueroa Incident.

3. Your cooperation with APS and its investigation into the Figueroa Incident.

4. During the period beginning on December 15, 2022 to present, your preservation or destruction of information, documentary evidence, and ESI relating to the Figueroa Incident.

5. Your current and past methods, processes, and capabilities to track your Drivers in real time.

6. The Veyo Platform generally.

7. The Veyo Platform, including but not limited to (a) how it is used to track your Drivers and preserve data regarding the NEMT services, and (b) how it coordinates services with the Veyo Web Portal and End Users.

8. During the period beginning on December 15, 2022 to present, your current and past methods, processes, and capabilities for preserving data relating to your Drivers' provision of NEMT, including but not limited to the following:

    a. Initiation of a NEMT ride request through the Veyo Web Portal;
    b. Monitoring your Drivers' provision of NEMT rides in real time;
    c. Recording information about whether, where, when and how a NEMT ride was completed and by whom;
    d. Recording information about whether, where, when and how a NEMT ride was cancelled and by whom; and
    e. Your Drivers' compliance with Veyo

9. Your recruitment, training, supervision, and employment of your Driver, Aleksandr Suleymanyan.

10. The training you provide to your Drivers who provide NEMT in Arizona.

11. The training you provide to your Drivers who transport vulnerable adults in Arizona.

12. Your advertisements, recruitment, screening, and hiring of potential Drivers who will provide NEMT in Arizona.

13. Your standards, rules, and regulations that apply to Drivers who provide NEMT in Arizona and your methods for insuring compliance.

14. Your methods and efforts to comply with Arizona statutes, regulations, and rules that apply to Drivers who provide NEMT in Arizona.

15. Your methods and efforts to comply with federal statutes, regulations, and rules that apply to Drivers who provide NEMT in the United States of America.

16. During the period beginning on December 15, 2022 to present, your supervision of Drivers who provide NEMT in Arizona.

17. During the period beginning on December 15, 2022 to present, your agreements with Drivers who provide NEMT in Arizona.

18. Your current and past Contracts to provide NEMT in Arizona.

19. Your advertisements, solicitations, and marketing efforts to secure your Contract.

20. Your Veyo Web Portal, including but not limited to the data gathered.

21. Training provided to users of the Veyo Web Portal to schedule your NEMT services in Arizona.

22. Excluding tort claims arising from motor vehicle collisions, other lawsuits and/or claims brought against you, your agents, and/or Drivers regarding your provision of NEMT rides and services.

23. The factual basis for your ongoing denial of Paragraph 16 of the Complaint that alleged "Copa Health, Mercy Care, and AHCCCS have contracted with Defendants to provide non-emergency medical transportation ("NEMT") for Waldo and other vulnerable adults like him."

24. The factual basis for your ongoing denial of Paragraph 17 of the Complaint that alleged, "Defendants marketed themselves to Copa Health, Mercy Care, and AHCCCS as having special industry experience and expertise with providing NEMT to vulnerable adult passengers like Waldo."

25. The factual basis for your ongoing denial of Paragraph 18 of the Complaint that alleged, "Defendants marketed themselves to Copa Health, Mercy Care, and AHCCCS as having special industry experience and expertise with providing NEMT to vulnerable adult passengers like Waldo."

26. The factual basis for your ongoing denial of Paragraph 19 of the Complaint that alleged, "Defendants knew or should have known that, when they took Waldo and others like him into their vehicles for NEMT, they were taking over care and custody of vulnerable adults."

27. The factual basis for your ongoing denial of Paragraph 20 of the Complaint that alleged, "Defendants knew or should have known that, when they took Waldo and other vulnerable adults into their vehicles for NEMT, they were de facto guardians for those vulnerable adults."

28. The factual basis for your ongoing denial of Paragraph 21 of the Complaint that alleged, "Defendants knew or should have known that the vulnerable adults in their care and custody for NEMT were at the mercy of the Defendants' drivers."

29. The factual basis for your ongoing denial of Paragraph 22 of the Complaint that alleged, "Defendants use a system of NEMT providers that they recruit, supervise, and train to provide NEMT to passengers with disabilities, including vulnerable adults like Waldo."

30. The factual basis for your ongoing denial of Paragraph 71 of the Complaint that alleged, "APS, Mercy Care, and AHCCCS have been actively investigating Defendant Veyo for its role in this incident since January 2023. Therefore, Defendants knew or should have known to preserve all evidence relating to this incident.

31. The factual basis for your Affirmative Defenses identified on pages 10-12 of your Answer in this lawsuit.

DATED this 23rd day of April 2024.

PORTELL LAW, P.C.

By   */s/ Stephen T. Portell*
          Stephen T. Portell

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on <u>April 23, 2024</u>, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

☒  I hereby certify that on <u>April 23, 2024</u>, I electronically transmitted a PDF version of the attached document and sent via U.S. Mail to the following:

- Todd E. Rinner      trinner@swlaw.com *Attorney for Defendants*
- Nicolas A. Misuraca      nmisuraca@swlaw.com *Attorney for Defendants*
- Janine Prupas      jprupas@swlaw.com      *Attorney for Defendants*

By: */s/ Melisa Holm*