WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

    Pending before the Court is the parties' discovery dispute regarding Plaintiffs' on-going efforts to discover the identity of an individual that Plaintiffs wish to add as a defendnat. (Doc. 41).  In short summary, Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location.  (Doc. 13 at 2).  Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case.  (Doc. 13 at 3). It appears to be undisputed that a Veyo driver was dispatched to pick up the vulnerable adult. (Doc. 29 at 2).  However, Defendants claim the vulnerable adult never went to the car and the ride was cancelled. (Doc. 41 at 3).  Conversely, Plaintiffs appear to claim that the vulnerable adult actually got in the car of either the cancelled ride, or another Veyo driver.  (Doc. 41).

    To narrow down the incident window, Plaintiffs allege that the vulnerable adult was picked up at approximately 2:00 p.m. on December 15, 2022, and became lost by approximately 2:05 that same day. (Doc. 41 at 3).  Defendants claim that the dispatched-Veyo-driver, Mr. Suleymanyan, arrived to pick up the vulnerable adult at 3:06 p.m. on

December 15, 2022, was unable to locate the passenger, and cancelled the ride at 3:12 p.m. (*Id.*). However, these exact times are in dispute because sometimes Defendants' trip logs show the time as 3:06, but sometimes show the time as 2:06. (Doc. 41 at 4). Defendants claim this inconsistency should be ignored because their records randomly switch between Pacific and Mountain time. (Doc. 41 at 3). At this stage of the case, the Court cannot accept Defendants' explanation of this time discrepancy as true. Thus, for purposes of this Order, the Court agrees with Plaintiffs that there is a discrepancy as to when Mr. Suleymanyan arrived at the property.

For purposes of the pending discovery dispute, 5 categories of information are in dispute: (1) copies of any marketing material and contracts between Defendants and Mercy Care, (2) the employment file for Aleksandr Suleymanyan, the driver Defendants' records show was dispatched to transport Mr. Figueroa on December 15, 2022, (3) any training manual(s) provided to Mr. Suleymanyan or any other drivers, (4) the GPS information for Mr. Suleymanyan on the day Mr. Figueroa went missing, and (5) a list of any Veyo drivers who were within 5 miles of Mr. Figueroa's pick-up address during the time he says he was picked up by a Veyo driver. (Doc. 41 at 2). Defendants object to each category arguing, "Defendants objected to these requests as overbroad, unduly burdensome (which outweighs any benefit of the discovery), vague, not relevant to the claims and defenses, confidential and/or proprietary, and not proportional to the needs of the case." (Doc. 41 at 2).

At this stage of the case, before Plaintiffs have established that a Veyo driver actually picked up the vulnerable adult, the Court agrees with Defendants that Plaintiffs have not shown that category 1 (marketing materials), and category 3 (training manuals) are relevant to any claims or defenses. Thus, Defendants' objection to these two categories is sustained (without prejudice to Plaintiffs renewing these requests later if they can establish relevance).

Regarding category 2, which is Mr. Suleymanyan's employment file, Defendants state, "Mr. Suleymanyan is not an employee of Veyo and, as such, has no employment

1  file." (Doc. 41 at 3, lines 21-22). The Court cannot order production of something that
2  does not exist. Thus, the Court finds the dispute about this category to be moot.

3  Regarding category 4, which is the GPS information for Mr. Suleymanyan on the
4  day Mr. Figueroa went missing, Plaintiffs claim this will support (or refute) Defendants'
5  arguments about whether Mr. Suleymanyan actually picked up the vulnerable adult, and
6  resolve the aforementioned time discrepancy. The Court generally agrees with Plaintiffs.
7  Defendants must produce the GPS data for Mr. Suleymanyan from 1:00 p.m., December
8  15, 2022 to 4:00 p.m. December 15, 2022. (These times are Mountain Standard Time).
9  Beyond the limitations imposed herein, Defendants' objections are overruled.

10  Regarding category 5, which is a list of any Veyo drivers who were within 5 miles
11  of Mr. Figueroa's pick-up address during the time he says he was picked up by a Veyo
12  driver, Defendants unduly burdensome objection is, "The GPS data Plaintiffs seek is
13  monumental (there are over 6,000 rides on the date of the incident near or around Phoenix,
14  Arizona). To produce the GPS data for over 6,000 rides would take Veyo hundreds of hours
15  to collect and produce." (Doc. 41 at 3). Defendants' objection is disingenuous in that it
16  covers far more time and far more area than Plaintiffs are actually seeking – making the
17  objection virtually non-responsive to the actual request.

18  Given that Plaintiffs allege that the vulnerable adult entered a Veyo vehicle,
19  specifically a white van, the Court finds the GPS data of all Veyo drivers within a
20  reasonable proximity and a reasonable time frame to be relevant. Accordingly, the Court
21  will Order disclosure of the GPS data for all Veyo drivers from 1:00 p.m., December 15,
22  2022 to 4:00 p.m. December 15, 2022 (Mountain Standard Time) within three miles of the
23  vulnerable adult's pick-up address. Beyond the limitations imposed herein, Defendants'
24  objections are overruled.

25  Based on the foregoing,
26  **IT IS ORDERED** that the discovery dispute at Doc. 41 is resolved as follows:
27  Defendants' objections to categories 1 and 3 are sustained (without prejudice to
28  Plaintiffs renewing the request as specified above). The request in category 2 is moot.

Defendants' objections to categories 4 and 5 are overruled to the extent that by May 28, 2024, Defendants must disclose to Plaintiffs: (1) the GPS data for Mr. Suleymanyan from 1:00 p.m. MST, December 15, 2022 to 4:00 p.m. MST, December 15, 2022 and (2) the GPS data for all Veyo drivers from 1:00 p.m. MST, December 15, 2022 to 4:00 p.m. MST, December 15, 2022 within three miles of the vulnerable adult's pick-up address.

Dated this 20th day of May, 2024.

*James A. Teilborg*
Senior United States District Judge