WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Pending before the Court is another discovery dispute of the parties. (Doc. 52).[1] This dispute involved (alleged) correspondence between Plaintiffs' counsel and "Copa Health caseworker, [S.] Thompson, who allegedly told Waldo's mother, Plaintiff Padilla, that the first Veyo driver cancelled and Defendants dispatched a second Veyo driver to the apartment at 2:45pm." (*Id.* at 1).

In her deposition, S. Thompson testified that she, "emailed to Mr. Portell, as one of a 'handful' of emails to him, a screenshot from the Veyo portal showing the driver that was to pick up Figueroa on 12/15/2022 and confirmation it was completed, (2) [] emailed a similar, if not identical, screenshot to Plaintiff Parrot and (3) [] emailed Mr. Portell and

---

[1] For context, a short summary of the allegations in this case follows. Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location. (Doc. 13 at 2). Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case. (Doc. 13 at 3). It appears to be undisputed that a Veyo driver was dispatched to pick up the vulnerable adult. (Doc. 29 at 2). However, Defendants claim the vulnerable adult never went to the car and the ride was cancelled. (Doc. 41 at 3). Conversely, Plaintiffs appear to claim that the vulnerable adult actually got in the car of either the cancelled ride, or another Veyo driver. (Doc. 41).

Diana Parrot readable screenshots." (Doc. 52 at 2 (the quotation marks are to the parties' summary of her testimony, not the deposition itself; the Court does not have a copy of the deposition transcript). Defendants now claim that the emails and attachments S. Thompson testified that she sent to Plaintiffs' counsel have not been produced by Plaintiffs' counsel, despite a proper request for production having been made. (Doc. 52). Plaintiffs' counsel claims to have produced everything in his possession, which is two items: Figueroa066 (an illegible screen shot) and Figueroa0046-47 (an email from Parrot containing the original illegible screen shot). (*Id.*).

As indicated above, Defendants argue these 2 items do not represent everything S. Thompson testified that she provided to Plaintiffs' counsel. (*Id.*). Defendants imply Plaintiffs' counsel must either be withholding information or has destroyed information. (*Id.*). Plaintiffs' counsel states that he has searched his files in good faith and that this is all he has. (*Id.*).

Defendants did not attach the proposed form of order required by this Court's order at Doc. 24 at 2,[2] so the Court cannot easily ascertain the relief they seek. The joint discovery dispute ends by Defendants stating, "Defendants request the Court compel responses to RFPs Nos. 1, 10, & 12 and order Plaintiffs to produce all responsive documents without further delay and award any other relief in Defendants' favor the Court deems warranted. Defendants request that if any of the requested documents are no longer in Plaintiffs' possession (including counsel), then they should state such and explain why the documents no longer exist." (*Id.* at 4).

First, the Court has never seen RFPs 1, 10, and 12 so the Court cannot order "complete" responses when the Court does not know what was requested. Next, "any other relief" is vague and unenforceable. An "explanation" (presumably from Plaintiffs'

---

[2] "The party seeking relief in the joint motion must also submit a proposed form of Order. The proposed form of Order may not be generic (for example, "the motion to compel is granted" is generic). Instead the proposed form of Order must detail exactly what is being required such that a third party with no familiarity with this case could read the Order and have a complete understanding of what was ordered by the Court. Failure to submit a compliant order may result in the denial of the request."

counsel) is not a legitimate form of relief. The Court will not compel Plaintiffs' counsel to be a witness or explain how he manages his files. So, unfortunately, Defendants have not proposed a form of grantable relief.

Plaintiffs' counsel has recommended that Defendants subpoena Copa Health to verify what they have of S. Thompson's actions of the date of the incident, and records of what was sent to Plaintiffs' counsel. (To this end, Plaintiffs have signed a HIPAA waiver.). (Doc. 52 at 3). Defendants have sent the subpoena, but no response has been received.

As the Court stated in the Order of May 20, 2024, the Court cannot order a party or counsel to produce something they claim does not exist. (Doc. 45 at 2-3). Plaintiffs' counsel claims he has disclosed everything to Defendants and that he has searched for everything responsive pursuant to Rule 11.[3] (Doc. 52 at 3). Thus, any order requiring further production would accomplish nothing.

As a result, Defendants can pursue the subpoena to Copa Health, and if that subpoena produces documents that should have previously been disclosed, Defendants can move for sanctions against Plaintiffs and/or Plaintiffs' counsel.[4] Any such motion is due within 14 days of the discovery of the documents. Until that time, there is nothing more for the Court to order be produced.

Accordingly, **IT IS ORDERED** that the discovery dispute at Doc. 52 is resolved as stated above.

Dated this 4th day of June, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

[3] The Court notes that the parties also dispute whether Plaintiffs' counsel was diligent in producing the items already produced. There is some argument about whether the email attachment between S. Thompson and Parrott was about the guardianship paperwork or the date of the incident. Plaintiffs' counsel is cautioned that the gamesmanship of classifying something as responsive to only one narrow request when it could reasonably be viewed as responsive to other requests has resulted in dramatic sanctions in other cases. *See generally Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101 (2017).

[4] Any request for attorney's fees must comply with Doc. 24 at 2.