WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. |  |
| Veyo LLC, et al., |  |
| Defendants. |  |

Pending before the Court is another discovery dispute of the parties. (Doc. 55).[1] This discovery dispute involves Plaintiffs' noticed Federal Rule of Civil Procedure 30(b)(6) ("30(b)(6)") deposition, to which Defendants object. *Id*.

Through discovery Plaintiffs have received certain information about the Veyo ride hailing computer system. Plaintiffs' 30(b)(6) topics are to facilitate Plaintiffs' understanding of how this system works in more technical detail. Defendants object arguing, "Defendants claim no evidence has been produced establishing [the vulnerable adult] was transported by a driver for Veyo and until that primary fact was established the majority of Plaintiffs' 30(b)(6) topics were irrelevant." (Doc. 55 at 2). Defendants' relevance objection is not well taken.

---

[1] For context, a short summary of the allegations in this case follows. Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location. (Doc. 13 at 2). Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case. (Doc. 13 at 3). It is undisputed that a Veyo driver was dispatched to pick up the vulnerable adult. (Doc. 29 at 2). However, Defendants claim the vulnerable adult never went to the car and the ride was cancelled. (Doc. 41 at 3). Conversely, Plaintiffs claim that the vulnerable adult actually got in the car of either the cancelled ride, or another Veyo driver. (Doc. 41).

Plaintiffs' complaint specifically alleges "According to [a social worker at Copa Health], the first Veyo driver cancelled and Defendants dispatched a second Veyo driver to [the vulnerable adult's] apartment complex at 2:45pm. [The vulnerable adult] was not at the pickup location for the second Veyo driver at 2:45pm, because [the first driver] had already picked him up and dumped [the vulnerable adult] earlier that hour." (Doc. 1-3 at 33). These *allegations* inform what discovery is relevant; not what Plaintiffs can *prove* during the discovery phase of litigation.[2]  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery..."); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("This complaint fully sets forth who is being sued, for what relief, and on what theory, *with enough detail to guide discovery*") (emphasis added); *see also Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018–19 (D. Ariz. 2020) (ruling on a relevance objection under Federal Rule of Civil Procedure 26 and noting that "[r]elevancy in civil litigation is a relatively low bar. Under Rule 401 of the Federal Rules of Evidence, information having 'any tendency' to make a fact in dispute 'more or less probable' is relevant. Fed. R. Evid. 401."); *see also Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2022 WL 4535245, at *9 (D. Ariz. Sept. 28, 2022) (quoting 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 801-02 (2021)) ("For discovery purposes, courts define relevance broadly, stating that information is relevant if it bears on or might reasonably lead to information that bears on any material fact or issue in the action....[C]ourts are quick to point out that discovery is concerned with relevant information—not relevant evidence—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance.").

Here, the material fact at issue in the complaint at this point is whether the vulnerable adult was transported by a Veyo-dispatched vehicle. The discovery Plaintiffs seek is all targeted at discovering the identity of the driver/vehicle. The fact that Defendants dispute whether the vulnerable adult entered a first or second Veyo-dispatched

---

[2]  For completeness, the Court notes that Plaintiffs dispute Defendants' characterization that they have no evidence to show the vulnerable adult was in fact picked up by a Veyo-dispatched driver.  However, the Court need not weigh the sufficiency of this evidence to decide a relevance objection during discovery.

vehicle does not make the discovery irrelevant, it simply makes the fact disputed. Moreover, the fact that defense counsel argues (both in this discovery dispute and in the previous discovery dispute regarding the ride timestamps (Doc. 41, at 3, lines 7-9)) that in the meet and confer he has "explained" various system notes, logs and discrepancies to Plaintiffs is not a substitute for Plaintiffs being permitted to take under-oath testimony on the subject. In other words, Plaintiffs do not have to take counsel's version of the facts as true. Moreover, in the event of a dispute in the future, the Court cannot imagine counsel would want to put himself in the position of being the "witness" who provided the facts to Plaintiffs of how the system works.

Thus, for all of the foregoing reasons, Defendants' objection to the 30(b)(6) deposition is overruled and the deposition may go forward. Defendants further ask that the deposition be stayed until the Court rules on the pending motion for extension of the discovery deadlines. (Doc. 50). The request for a stay is denied. Even if Plaintiffs never learn the name of the driver, it is possible they could still assert liability against the Defendants. *See Hays v. Bank of Arizona*, 57 Ariz. 8, 11 (1941) (subject to some exceptions, a principal is commonly liable for the conduct of its agents); *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P.3d 139, ¶43 (Ariz. 2023) (allowing a vicarious liability theory to proceed against the employer when the employee was not a party to the case). Therefore, this discovery is appropriate regardless of the Court's ruling on the motion for extension of time.

Accordingly,

**IT IS ORDERED** that the discovery dispute at Doc. 55 is resolved as follows: Defendants' objections to the timing and scope of Plaintiffs' noticed 30(b)(6) deposition are overruled.

Dated this 7th day of June, 2024.

James A. Teilborg
Senior United States District Judge