WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' third motion to extend deadlines (Doc. 50), which Defendants oppose (Doc. 53).[1] As discussed in this Court's order of April 12, 2024, and continuing through today, Plaintiffs seek the identity of a Veyo-dispatched driver that they allege picked up a vulnerable adult.[2] (*Id.*) Defendants claim Plaintiffs have had a sufficient opportunity to conduct discovery, that such discovery has not produced the name of a driver, and that Plaintiffs should be forced to give up the search because at this point it is a "fishing expedition." (Doc. 53 at 9). Plaintiffs assert the discovery they have conducted thus far has produced questions that they seek to resolve.

For example, on May 20, 2024, this Court ordered Defendants to produce: (1) the

---

[1] Plaintiffs did not file a reply. While no reply is required under the rules, in their response Defendants make some pointed allegations about Plaintiffs' alleged misrepresentations about the state of discovery in this case. The Court will proceed to rule on this motion, but may inquire about when Plaintiffs received certain discovery at a later point.

[2] In short summary, Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location. (Doc. 13 at 2). Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case. (Doc. 13 at 3).

GPS data for Mr. Suleymanyan from 1:00 p.m. MST, December 15, 2022 to 4:00 p.m. MST, December 15, 2022 and (2) the GPS data for all Veyo drivers from 1:00 p.m. MST, December 15, 2022 to 4:00 p.m. MST, December 15, 2022 within three miles of the vulnerable adult's pick-up address. (Doc. 45). In the pending motion, Plaintiffs claim Defendants have not produced: (1) GPS information for drivers who were logged onto the Veyo App but did not accept a ride; (2) GPS data for drivers who accepted a ride but then cancelled the ride before picking up a rider; (3) GPS information for the Lyft drivers;[3] and (4) GPS information before a ride was accepted by a driver.

Defendants advised Plaintiffs that they do not have the GPS location of drivers who are logged into their app (for the purpose of accepting rides) before a ride is accepted (items 1 and 4 above). (Doc. 50 at 3). Plaintiffs are skeptical of this representation because it would make it impossible for Defendants to dispatch the closest (or a close) driver without knowing the location of the driver before the ride is accepted. (*Id.*). To this end, Plaintiffs seek to take a 30(b)(6) deposition of a Veyo representative to understand the Veyo platform, which the Court has permitted. (Doc. 58).

As to item 2, the GPS data for drivers who accepted, but then cancelled, a ride, Defendants advise that they have already given this information to Plaintiffs. (Doc. 53 at 8). The Court is unsure how the parties can disagree regarding whether Plaintiffs have this information. *See* footnote 1 *supra*. However, as discussed below, Defendants will be required to produce this information if they have not already done so.

As to item 3, the GPS data for the Veyo-dispatched Lyft drivers, Plaintiffs argue that Defendants claim that they only have the pickup and drop off locations of rides outsourced to Lyft, and that they do not have GPS data for the vehicles/drivers. (Doc. 50 at 2). As a result, Plaintiffs seek to subpoena this information from Lyft. (*Id.*). Plaintiffs do not mention whether this subpoena has been sent.[4] Conversely, Defendants claim that

---

[3] It is undisputed that when no Veyo drivers are available, Veyo uses Lyft drivers.

[4] Plaintiffs' requested extension of the amendment deadline is July 3, 2024; thus, the subpoena would need to have already gone out to be due back before this deadline.

they have already disclosed the GPS data for the Lyft rides to Plaintiffs. (Doc. 53 at 8 ("Defendants provided a list of trips…that were provided through Veyo by Lyft. <u>Defendants provided GPS data for each of those trips.</u>") (emphasis added). Like item 2, the Court is unsure how the parties can disagree regarding whether Plaintiffs have this information. *See* footnote 1 *supra*. However, as discussed below, Defendants will be required to produce this information if they have not already done so. To be clear, Defendants must produce all Lyft information in their possession, custody or control. *See* footnote 6 *infra*. This includes GPS locations of drivers logged into the Lyft app prior to those drivers accepting rides (within the time and geographic limits set below).

From the Court's perspective, the May 20, 2024 Order already required disclosure of everything within items 1-4 herein that is in Defendants' possession, custody and control. For clarity, the Court will re-order the production of this information. Defendants need not re-produce any information previously produced. This Order merely requires Defendants to produce any responsive information to items 1-4 that was withheld on relevance (or other) grounds.[5] However, to the extent Defendants respond that such information does not exist in their possession, custody or control the Court cannot order it produced. If that response turns out to be false, Plaintiffs may move for sanctions. Any such motion is due within 14 days of discovery of the undisclosed responsive information in Defendants' possession, custody or control.

Based on the representations made by Plaintiffs in their motion, which the Court finds to be good cause, the Court will grant one last extension of the deadline to amend the complaint–to July 15, 2024. The Rule 16 scheduling conference in this case was held on January 18, 2024; with the Rule 26(f) conference having occurred on December 19, 2023. (Doc. 13 at 2). By mid-July 2024, Plaintiffs will have had almost seven months since the Rule 26(f) conference to learn the identity of the driver/vehicle alleged to have picked up

---

[5] The Court's concern lies in the fact that Defendants state, "Defendants have no additional **relevant** GPS information to provide." (Doc. 53 at 7) (emphasis added). As noted in the Court's June 7, 2024 Order, to date Defendants have been defining relevance far too narrowly; thus, this Order will clarify that a relevance objection to items 1-4 herein is not well taken. (*See* Doc. 58 (discussing relevance)).

- 3 -

the vulnerable adult. If Plaintiffs are unable to learn the identity of the driver by this deadline, the Court will not grant any further extensions of the deadline to amend the complaint on the hope that something more will be unearthed that was not discovered within these seven months.

If the identity of the driver is discovered after July 15, 2024, Plaintiffs may move to amend the complaint showing first good cause under Rule 16, followed by the grounds for leave to amend under Rule 15. *See Upton v. Corizon Health Care Inc.*, No. CV-17-01502-PHX-JAT, 2019 WL 581274, at *2 (D. Ariz. Feb. 12, 2019) ("Once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).") (cleaned up).

Accordingly,

**IT IS ORDERED** that the motion for extension of time (Doc. 50) is granted to the limited extent that the deadline to amend the complaint is extended to July 15, 2024. If Plaintiffs amend the complaint within this deadline, the service requirements of the Order at Doc. 30 remain in effect. No other deadlines are extended. If the driver's identity is not discovered by July 15, 2024, the Court will not extend this deadline any further on that basis. If the identity is discovered after this deadline, Plaintiffs may file an untimely motion to amend as specified above.

**IT IS FURTHER ORDERED** that if Plaintiffs discover the name of the driver and amend the complaint by July 15, 2024, by this same date, Plaintiffs must also move to extend all other deadlines in this case to accommodate the addition of another party. As previously ordered, all parties must supplement their disclosure statements regarding the citizenship of this new party if there is an amendment to the complaint.

**IT IS FURTHER ORDERED** that within seven days of this Order, Defendants must produce any information not already produced that is in their possession, custody or control that falls into the following categories: (1) GPS information for drivers who were logged onto the Veyo App but did not accept a ride; (2) GPS data for drivers who accepted

a ride but then cancelled the ride before picking up a rider; (3) GPS information for Veyo-dispatched Lyft drivers to the extent such information is in any Defendant's possession, custody or control;[6] and (4) GPS information for drivers who were logged onto the Veyo App before a ride was accepted by a driver. Each of these categories is limited to 1:00 p.m. MST, December 15, 2022 to 4:00 p.m. MST, December 15, 2022 within three miles of the vulnerable adult's pick-up address.

Dated this 11th day of June, 2024.

*James A. Teilborg*
Senior United States District Judge

---

[6] Neither party raises the issue of control at this point. And as discussed above, Defendants claim to have already produced this data. However, to the extent Plaintiffs are correct that Defendants claim to not possess this data, the breadth of "control" is important. To the extent Veyo's agreement with Lyft gives Veyo a right of access to the GPS information of the Veyo-dispatched Lyft drivers because the ride is for a Veyo client, billed through Veyo's platform, depending on the circumstances, Veyo may control the information even if Lyft actually has the information.