WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for sanctions and motion to compel (Doc. 78).[1] In the Response to Plaintiffs' motion for sanctions, Defendants raise several global objections before addressing the categories of documents Plaintiffs seek to compel.

First, Defendants argue that any requests by Plaintiffs to learn the identity of the driver are untimely because the Court set an intermediate deadline to attempt to address the parties' voluminous discovery disputes related to this issue. (Doc. 30 (April 12, 2024)). The Court ruled on all disputes raised by this intermediate deadline. However, Plaintiffs claim that either Defendants have not fully produced the documents responsive to the requested discovery and the Court's orders, and/or that the discovery received as a result of this prior discovery spawned more discovery related to the driver's identity.

The Court set the deadline in the April 12, 2024 Order in an effort to speed discovery on the driver identity issue to then set a reasonable deadline for motions to amend the complaint. The Court was unsuccessful as the April 12, 2024 Order has caused more, not

---

[1] Plaintiffs' motion to amend and Defendants' motion for sanctions will not be address by this Order and remain pending.

less, fighting among the parties (and counsel). Indeed, Plaintiffs are seeking yet another de facto extension of time to discover the driver's identity by attempting to add a fictitious party via the pending motion to amend.

Discovery does not close in this case until August 30, 2024. The parties' inability to reasonably work together in this case remains disappointing. At bottom, on this record, the Court cannot go through every single outstanding discovery request to determine if it was propounded before the original deadline, but remained incompletely responded to, or was not known of before the original deadline because it is a follow-on request occasioned by the discovery of information from an earlier request. Thus, for practical reasons, the Court lifts the original deadline related to driver-related discovery. The August 30, 2024 discovery deadline will be the only deadline. Defendants' objections to the timeliness of Plaintiffs' requests are thus overruled. Defendants must update their discovery responses as necessary in view of the fact that this timeliness objection is rejected.

Next, Defendants argue that the disputes at issue in Plaintiffs' motion for sanctions/motion to compel were not discussed at a meet and confer, and that by filing the motion, Plaintiffs are evading the Court's meet and confer process. Defendants also argue that the motion to compel is a discovery dispute that does not follow the Court's order regarding how to bring discovery disputes to the Court. The Court agrees on both points and Plaintiffs' motion will be denied for these reasons.

Nonetheless, the Court notes that one of Defendants' specific objections to each category of information Plaintiffs seek to compel is that Plaintiffs have not propounded a discovery request to which such information would be responsive. The Court has not determined whether this is a correct categorization of the requests. However, the Court notes this is the kind of dispute the parties should be able to resolve via a meet and confer – either by Defendants liberally reading the requests as Plaintiffs seemingly intended, or by Plaintiffs propounding a further request with more particularity.

For example, Defendants have failed to produce one driver's "employee file" claiming it does not exist. Plaintiffs now claim that an extensive file does exist, that has

not been produced, because Defendants call such file a "driver profile". (Doc. 90 at 2). It would be difficult to articulate how frustrating this kind of dispute is to a Court. It is obvious what Plaintiffs are seeking, even if they have used the wrong jargon. And this is clearly the type of dispute that should be able to be resolved in a meet and confer. If Plaintiffs are correct that a "driver profile" exists, the Court finds that to be the under the board umbrella of an "employee file" and Defendants must produce it within the time set forth below.

The "Rideview Platform data" seems equally discoverable at least as characterized by Plaintiffs. (Doc. 90 at 2-4). And the wordsmithing Defendants are engaging in to argue that the data has not been technically requested is extremely disappointing. Moreover, this again is obviously the type of dispute that should be resolvable in a meet and confer; either by Defendants more liberally interpreting Plaintiffs' request, or by Plaintiffs propounding a more particular request. On this record, the Court sees no reason why Defendants should not produce this data.

Regarding the "Call Center Records", the parties' failure to have a meaningful meet and confer prevents the Court from understanding whether Defendants still possess these recordings. If Defendants have the recordings, on this record, the Court sees no reason why at a minimum any recordings specifically regarding the ride in this case have not been produced. However, like Defendants' wordsmithing, Plaintiffs do their own wordsmithing to create unmanageable disputes. In passing, Plaintiffs state that they want all calls from Copa on the date in question. (Doc. 90 at 5). This would obviously implicate other patient's records, and clearly encompass irrelevant data. Plaintiffs thus have propounded overly broad requests, failed to engage in a meet and confer, and complain that Defendants will not give them the discoverable information Plaintiffs seek when Plaintiffs have buried a reasonable request in an unreasonable one.[2]

---

[2] In their proposed form of Order, rather than detailing calls related to the vulnerable adult in this case, or the call(s) relating to rides for him specifically, or calls from Copa on the date in question, Plaintiffs globally ask the Court to Order production of "ESI". (Doc. 78/12). The discovery deadline is fast approaching, and Plaintiffs would be well advised to focus their discovery before time runs out.

- 3 -

1    Counsels' inability to work with each other in a reasonable manner must end.  As
2    previously stated, the meet and confer must be a verbal conversation, not exchanged
3    writings.  The meet and confer must go through every request that will be the subject of
4    any joint motion.  To the extent counsel cannot reasonably find time to speak to each other,
5    both lead counsel must make themselves available from 8:00 a.m. to 12:00 p.m. this
6    coming Saturday (August 17, 2024) to have the necessary meet and confer to file any
7    further joint discovery motions.  One joint motion must be filed for each outstanding
8    request that remains in dispute.  Assuming the August 30, 2024, discovery deadline in not
9    extended, any final discovery dispute motions must be filed by August 20, 2024.

In addition to what is discussed above, Plaintiffs make other requests.  One request appears to ask the Court to force Defendants to amend certain portions of their answer to provide different information.  The Court is unaware of a procedural vehicle to accomplish such a request, and on this record, the request is denied.

Plaintiffs also request that the Court "strike" Defendants' affirmative defense(s) in the answer for not having sufficient factual support.  This request is not a basis for striking found in Federal Rule of Civil Procedure 12(f) and is thus denied (without prejudice to Plaintiffs move for summary judgment on the affirmative defenses if appropriate).

Plaintiffs also complain about Defendants' responses to certain requests for production, requests for admissions and the knowledge of the 30(b)(6) deponent.  However, without a meet and confer, and a <u>joint</u> motion, the Court cannot meaningfully address such global complaining.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel and motion for sanctions (Doc. 78) is denied.[3]

---

[3] In their Reply, Plaintiffs state, "As this Court has previously ruled, Plaintiffs have made claims against Defendants that **would** survive even if Driver X is never identified. [ECF 58]. (emphasis added)."  Perhaps "would" is a typographical error, and Plaintiffs' counsel meant to state "could" survive in some circumstances.  However, if this is not a typo, to clarify the record, this statement is a misrepresentation of the Order at Doc. 58.

Doc. 58 is three pages long, so the Court cannot be sure to what Plaintiffs refer, but the Court certainly did not **rule** that Plaintiffs, on this record, could survive a motion for summary judgment or a motion for directed verdict.  The Court stated, "Even if Plaintiffs

1      **IT IS FURTHER ORDERED** that any supplement to Defendants' discovery responses based on this Order is due by Friday, August 16, 2024.

     Dated this 12th day of August, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

never learn the name of the driver, **it is possible** they **could** still assert liability against the Defendants." (Doc. 58 citing Arizona cases detailing the law in this regard) (emphasis added). The fact that the Court acknowledged that something is legally possible not a ruling that Plaintiffs in this case have the factual evidence to survive summary judgment.