WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to amend the complaint.[1] (Doc. 80). Plaintiffs' motion in its entirety states:

> Pursuant [sic] Rule 15 and this Court's May 20, 2024 order [ECF 45], Plaintiffs, by and through undersigned counsel, hereby moves [sic] to Amend their Complaint against Defendants to add additional claims.
> After subpoenaing contracts between Defendants and Mercy Care, Plaintiffs believe that a breach of contract claim is appropriate based on Waldo Figueroa's status as a third-party beneficiary under those contracts. Although Plaintiffs would also like to amend to add the name of Driver X, Defendants failure to adequately respond to discovery has made it impossible for Plaintiff to discover their identity at this time. [Four sentences regarding the parties' discovery disputes omitted]. Plaintiffs, therefore are unable to amend the Complaint to add the true name of Driver X at this time and are only moving to amend [sic] additional claims against Defendants at this time.

(Doc. 80).

---

[1] In short summary the factual context of this case is that Plaintiffs allege that a Veyo driver failed to transport a vulnerable adult to the correct location. (Doc. 13 at 2). Defendants claim the vulnerable adult was never picked up by a Veyo driver, and as a result, claim that Defendants should not be parties to this case. (Doc. 13 at 3). It is undisputed that a Veyo driver was dispatched to pick up the vulnerable adult. (Doc. 29 at 2). However, Defendants claim the vulnerable adult never went to the car and the ride was cancelled. (Doc. 41 at 3). Conversely, Plaintiffs claim that the vulnerable adult actually got in the car of either the cancelled ride, or another Veyo driver. (Doc. 41).

1   As competent counsel knows, there is a test that governs motions to amend. Specifically, whether to grant a motion to amend depends on the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The most important of these factors is prejudice to the opposing party. *U.S. v. Pend Oreille Public Utility Dist., No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Nonetheless, futility alone justifies denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

As is clear by the quoted language from Plaintiffs' motion, Plaintiffs cited no law and applied no facts to any law. However, "[t]he burden of persuading the court that leave should not be granted rests with the non-moving party." *Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007) (citation omitted). In other words, "[l]eave to amend should be freely given unless the opposing party can show reason for denial, such as undue delay, prejudice, futility of amendment, or dilatory motive." *Id*. (citations omitted).

To attempt to sustain their burden, Defendants filed a 17-page response in opposition to the motion to amend. (Doc. 88).[2] Defendants identify three areas in which Defendants believe Plaintiffs are attempting to amend the complaint. The first is to add a fictitious Defendant, (the unknown driver), the second is to add a breach of contract claim, and the third is to add a negligent supervision, hiring, and retention claim.

Regarding adding the driver as a fictitious Defendant, Plaintiffs specifically disclaim that they are adding another Defendant. (Doc. 80 "…[Plaintiffs] are only moving to amend [to add] additional claims against Defendants at this time."; Doc. 91 "Plaintiffs in their Motion acknowledged that they did not have sufficient information to add Driver X as a defendant which is why Plaintiffs only moved to amend the Complaint to include

---

[2] At various points, in various filings, Defendants make a statement similar to: "Mr. Figueroa … is a vulnerable adult who Plaintiffs refuse to allow to testify." (Doc. 88 at 7). Defendants have never brought a discovery dispute to this Court on this issue. Thus, if Defendants are unable to depose Mr. Figueroa it will be because they have waived the opportunity to do so by not pursuing the issue.

breach of contract claims."). The Court understands Defendants confusion. In the proposed amended complaint, Plaintiffs add numerous fictitious Defendants as parties, and reference these fictitious Defendants 37 separate times in the body of the proposed amended complaint. (Doc. 80-1). These references include adding fictitious Defendants to the caption of the proposed amended complaint and in the statement of the parties (Doc. 80-1, ¶¶6-7).

Plaintiffs also make a myriad of allegations against a fictitious Defendant including "Upon information and belief Driver X is a resident of Arizona; therefore Federal diversity jurisdiction does not exist pursuant to 28 U.S.C. §1332." (Doc. 80-1 at 3).[3] Plaintiffs' claims that they did <u>not</u> add Driver X as a party and that Driver X destroys diversity jurisdiction–which could only be true if s/he is a party–are mutually exclusive. As a result, Plaintiffs' motion and Plaintiffs' proposed amended complaint are irreconcilable.

Given that the proposed amended complaint (Doc. 80-1) clearly adds fictitious Defendants, and given that Plaintiffs expressly state that they are not adding fictitious Defendants, the motion to amend to make these changes will be denied. Such amendment would cause undue delay because neither the Court, Defendants, nor apparently Plaintiffs, understand what Plaintiffs are accomplishing by the amendment. At this late stage of this case (with discovery closing in less than a month) delay and prejudice would obviously result if the record is ambiguous as to who Plaintiffs named as Defendants.

Regarding the addition of a breach of contract claim, Plaintiffs' Reply in support of the motion to amend states in its entirety:

> Plaintiffs', by and through undersigned counsel, hereby Reply to

---

[3] Plaintiffs have conceded that they do not know the identity of the Driver who (allegedly) picked up the vulnerable adult. Given that Plaintiffs do not know who this person is, the Court cannot imagine Plaintiffs have a good faith "information and belief" that this unidentified person is an Arizona citizen. "Information and belief" is not merely the lack of known contradictory facts. It must be based on specific facts from which reasonable inferences can be drawn. *Sandisk Corp. v. LSI Corp.*, No. C 09-02737 WHA, 2009 WL 3047375, at *2 (N.D. Cal. Sept. 18, 2009) (finding that a party pleading what it "believes" is inadequate to state a claim; the party must "provid[e] any specific facts showing the basis for its information and beliefs" absent which, a judge cannot "make any reasonable inferences."). In this case, there is a question as to whether the Driver even exists; thus, there is no fact from which to draw a reasonable inference that he or she had permanently located themself in Arizona.

- 3 -

> Defendants' Response in Opposition to Plaintiffs' Motion to Amend. Defendants' 17-page Response Opposing Plaintiffs' Motion to Amend argues that Plaintiffs should not be allowed to amend the Complaint to add Driver X as a party. Plaintiffs agree. Plaintiffs in their Motion acknowledged that they did not have sufficient information to add Driver X as a defendant which is why Plaintiffs only moved to amend the Complaint to include breach of contract claims against Defendants Veyo LLC and Medical Transportation Management. **Defendants never opposed or even mentioned Plaintiffs' request to add breach of contract claims to their Complaint in their Response.** Plaintiffs therefore respectfully request that the Court allow Plaintiffs to amend their Complaint as requested.

(Doc. 91) (emphasis added).

In their Response, Defendants argue:

> A motion for leave to amend should be denied if it appears to be futile or legally insufficient. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (*overruled by implication on other grounds by Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2008)). A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Id.*
> …
> Plaintiffs' proposed amended complaint also seeks to add a claim for breach of contract, alleging Mr. Figueroa is an intended third-party beneficiary under two state contracts between AHCCCS/Mercy Care and Veyo, LLC. [ECF 80-1 at 18:107–108.] For context, Mercy Care is a local not-for-profit managed care organization that provides coverage for people who qualify for Arizona Health Case Cost Containment System (AHCCCS) benefits. AHCCCS is the Arizona State Medicaid Agency. AHCCCS contracts with Mercy Care to manage and coordinate care for individuals who qualify for the benefits. Mercy Care then enters contracts with providers who are tasked with providing the specific care. Defendant Veyo is one such provider and is tasked, among several other companies, with providing non-emergency medical transportation to AHCCCS recipients. Mercy Care's website lists all of its providers, including non-emergent medical transportation companies. Veyo's contracts [outline] the state and federal requirements including complying with all Medicaid laws, federal audits, and registering with AHCCCS.
> A party can enforce a third-party contract only if it reflects an "express or implied intention of the parties to the contract to benefit the third party." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999). When a contract is with a government entity, a more stringent test applies: "Parties that benefit…are generally assumed to be incidental beneficiaries and may not enforce the contract absent a clear intent to the contrary." *Id*. at 1211. The contract must establish not only an intent to confer a benefit, but also "an intention…to grant [third party] enforceable rights." *Id*. at 1211–12; *See also* Restat. (Second) of Contracts § 313(2) (generally a promisor who contracts with a government or governmental agency to do an act for or render a service to the public is not subject to contractual liability to a member of the public for consequential damage resulting from performance or failure to perform). Here, Mr. Figueroa, as a recipient of AHCCCS, is an incidental third-party beneficiary to the Mercy Care and Veyo provider contracts, and nothing in the provider contracts, or Plaintiffs' allegations, establish a clear intent to the contrary.
> Moreover, regardless of Mr. Figueroa's alleged third-party

> beneficiary status, Plaintiffs fail to establish any specific breach of the provider agreements and have not shown that Defendants transported Mr. Figueroa on December 15, 2022. Lastly, even assuming Plaintiffs can state a claim for breach of contract (they cannot), Plaintiffs unduly delayed in bringing this claim …. As evidenced by their original complaint, Plaintiffs were aware of the contracts between Mercy Care and Veyo and, therefore, knew or should have known the facts and theories regarding this claim at the time of the original complaint on October 19, 2023. [ECF 1-3 at 9, ¶ 16 (alleging "Copa Health, Mercy Care, and AHCCCS have contracted with Defendants to provide non-emergency medical transportation"). …

(Doc. 88 at 13-16).

Thus, Defendants dedicated 547 words, spanning 3 of 17 pages, to specifically and expressly oppose leave to amend on the basis the proposed breach of contract claim would be futile, or presents undue delay. Plaintiffs' argument in their Reply that "**Defendants never opposed or even mentioned Plaintiffs' request to add breach of contract claims to their Complaint in their Response**" is blatantly untrue. (Doc. 91) (emphasis added). While the Court is reluctant to call counsel untruthful, or otherwise issue sanctions, the court system cannot function if counsel grossly misrepresents the record. Plaintiffs' counsel will be required to show cause as specified below.

> Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991). However, before discovery is complete, a proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid, claim or defense. *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988).

*Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007)

Defendants have presented robust legal and factual arguments that any amendment would be futile. Plaintiffs have not countered or addressed any of them. It is not the Court's role to act as counsel for Plaintiffs when Plaintiffs own counsel abandons her adversarial function. *Cf. Hunt v. Yoshimura*, No. 19-CV-00490-DKW-RT, 2020 WL 496500, at *2 (D. Haw. Jan. 30, 2020) ("the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).")

The Court has reviewed Defendants arguments and finds Defendants have sustained their burden to show no set of facts could cure the deficiencies in Plaintiffs' proposed

amendment to add a breach of contract claim (specifically the vulnerable adult does not legally qualify as a third-party beneficiary with a right to sue under the contract). Accordingly, amendment would be futile. As stated above, futility alone is a basis for denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995). Accordingly, leave to amend to add this claim will be denied.[4]

Finally, the Court must consider Defendants' arguments that Plaintiffs should not be allowed to add a negligent hiring, supervision or retention claim. The first 8 pages of Defendants' response in opposition to the motion to amend are a global argument that Plaintiffs have delayed repeatedly in this case, in bad faith, and have caused Defendants prejudice; and this motion to amend is just a further delay tactic in bad faith to try to squeeze a settlement out of Defendants. (Doc. 88 at 2-9). Then, at page 14, Defendants specifically argue that Plaintiffs engaged in undue delay in attempting to add the negligent hiring, supervision and retention claim. (Doc. 88). As the above quoted language from Plaintiffs' motion and reply show, Plaintiffs never even acknowledge they are attempting to add this claim, much less make any factual or legal argument refuting Defendants' undue delay, prejudice and bad faith arguments. (Doc. 80; Doc. 91).

As Defendants recount, the original deadline for a motion to amend was in April 2024. Plaintiffs moved to extend this deadline solely arguing that they needed more time to discover the driver's identity. (Doc. 25). The Court extended the deadline to June 1, 2024. Plaintiffs again sought an extension, and again argued only that they needed more time to identify the driver. (Doc. 50). The Court extended the deadline to July 15, 2024. In neither of Plaintiffs' motions for extensions of time did Plaintiffs mention amending the complaint to add new claims. The Court has already admonished Plaintiffs that in seeking extensions of time, they must create a workable discovery schedule. (Docs. 27 and 30). The Court agrees with Defendants that Plaintiffs have not discovered anything new that prevented them from bringing a negligent hiring, supervision and retention claim in the

---

[4] Alternatively, the Court finds that, as shown in the original complaint, Plaintiffs have known of these contracts since October 2023. Thus, for the same reasons that the Court is denying leave to amend the negligent hiring, supervision and retention claim (discussed below), the Court also denies leave to amend the breach of contract claim.

- 6 -

original complaint or within either of the previous deadlines.  Indeed, given that Plaintiffs still cannot identify the driver, there could not even hypothetically be something about this particular drivers' employment that forms the basis for these claims.  Thus, Defendants have shown that Plaintiffs engaged in undue delay by not bringing these claims sooner.

Plaintiffs also engaged in undue delay and bad faith by not being more forthcoming to the Court in articulating that they were not seeking an extension of time only to discover the identity of the driver, but to also add new claims.  Had Plaintiffs explained they also wanted to add new claims, the Court would never have allowed a motion deadline only 45 days before the close of discovery.  In granting prior extensions, the Court was merely trying to give Plaintiffs every opportunity to discover the driver's identity (if a driver exists).  The Court was not giving Plaintiffs a three-month extension of time to file claims that Plaintiffs knew of since the beginning of the case.  *See David v. Powell*, 901 F.Supp.2d 1196, 1212 (S.D. Ca. 2012) ("Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." (citation omitted)); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Finally, Defendants in their Response state: "Based on the foregoing, it is fair for Defendants to assume that Plaintiffs' Motion was brought in bad faith to harass Defendants, delay the adjudication of this case, and run up the cost of litigation in the hope of extracting a settlement from Defendants." (Doc. 88 at 12).  As indicated above, Plaintiffs do not refute the facts or conclusions of the Defendant.  As a result, the Court has no basis to find otherwise.

Thus, the Court finds that Plaintiffs' motion to amend in all respects was unduly delayed and would produce further delay, was made in bad faith, and would prejudice the Defendants by "running up the costs of litigation in the hope of extracting a settlement." The potential significant re-doing of discovery and the costs that would bring, plus any new discovery on these proposed new claims amount to substantial prejudice.  *See*

*generally Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132 (C.D. Cal. 2007). This prejudice is compounded by the large amount of discovery already conducted in reliance on the scope of the original complaint.

Thus, for all of the foregoing reasons,

**IT IS ORDERED** that the motion to amend the complaint (Doc. 80) is denied.

**IT IS FURTHER ORDERED** that within 21 days of this Order, Plaintiffs' counsel shall show cause why they should not be sanctioned for the reasons specified above.

Dated this 15th day of August, 2024.

*James A. Teilborg*
Senior United States District Judge