WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Padilla, et al., | No. CV-23-02380-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Veyo LLC, et al., | |
| Defendants. | |

Several items are pending before the Court. For example, a fully briefed motion for attorneys' fees filed by Defendants is pending. (Doc. 75). Also, the Court required Plaintiffs' counsel to show cause why they should not be sanctioned. (Doc. 99 (requiring response in 21 days)). After these two filings, the parties filed a notice of settlement (Doc. 103).

Thereafter, on September 3, 2024, the Court received the following email from Plaintiffs' counsel:

> Judge Teilborg,
>
> I have cc'd all counsel of record on this email. I need a little guidance.
>
> I have received a copy of your order dated August 15th with a due date to show cause on September 5th. Because she submitted the motions to extend time and amend the pleadings, Mrs. Rebholz has been preparing a response to your concerns. However, since the entry of your order, the parties have confidentially settled the matter. On August 27th, the parties submitted their Notice of Settlement (Doc. 103) with each side to bear its own attorneys' fees and costs. The parties are in the midst of preparing the formal settlement agreement.
>
> Two Questions:

> 1) Does the Court still want a show cause submission from the Plaintiffs on September 5th?
> 2) Assuming you do, Plaintiffs want to tread carefully so as not to disturb the confidential settlement. Would the Court grant a brief telephonic conference to address that concern?
>
> Respectfully,
> STP

The Court generally will not respond off the record to anything more that minor administrative questions. The show cause response stems from the following:

> Thus, Defendants dedicated 547 words, spanning 3 of 17 pages, to specifically and expressly oppose leave to amend on the basis the proposed breach of contract claim would be futile, or presents undue delay. Plaintiffs' argument in their Reply that "**Defendants never opposed or even mentioned Plaintiffs' request to add breach of contract claims to their Complaint in their Response**" is blatantly untrue. (Doc. 91) (emphasis added). While the Court is reluctant to call counsel untruthful, or otherwise issue sanctions, the court system cannot function if counsel grossly misrepresents the record. Plaintiffs' counsel will be required to show cause as specified below.

(Doc. 99 at 5).

The Court is unclear why responding to something historical would "disturb" the settlement. Nonetheless, the Court will Order the following:

**IT IS ORDERED** that Plaintiffs' counsel shall respond to the show cause from Doc. 99 by 5 days after dismissal of this case, or 5 days after a withdrawal of the notice of settlement, whichever occurs first.

**IT IS FURTHER ORDERED** that the Clerk of Court shall, without further notice, **DISMISS** this entire case on September 30, 2024, with prejudice, and shall enter judgment accordingly, unless prior thereto a party withdraws the notice of settlement.

**IT IS FURTHER ORDERED** that the deadline for completing fact discovery (as limited in Doc. 101) is extended to October 7, 2024. The remaining deadlines are:

Deadline for Plaintiffs' expert reports: October 15, 2024

Deadline for Defendants' expert reports: October 25, 2024

Deadline for Plaintiffs' rebuttal expert reports: November 1, 2024

Deadline for Expert depositions: December 2, 2024

Deadline for dispositive motions: January 2, 2025.

**IT IS FURTHER ORDERED** that upon the parties filing a stipulation to dismiss this case, Defendants' motion for attorneys' fees (Doc. 75) will be denied as moot unless the stipulation specifies that the parties' settlement does not encompass the motion and the parties continue to seek a ruling from the Court.

**IT IS FURTHER ORDERED** that the motion for an "in chambers" hearing (Doc. 104) is denied.

Dated this 4th day of September, 2024.

*James A. Teilborg*
Senior United States District Judge